TREVOR J. HATFIELD, ESQ.
Nevada Bar No. 7373
**HATFIELD & ASSOCIATES, LTD.**
703 South Eighth Street
Las Vegas, Nevada 89101
(702) 388-4469 Tel.
(702) 386-9825 Fax
*thatfield@hatfieldlawassociates.com*

*Attorney for Plaintiff*

### UNITED STATES DISTRICT COURT

### DISTRICT OF NEVADA

| | |
|---|---|
| ROBERT ZIMMERMANN, an individual, <br><br> Plaintiff, <br><br> vs. <br><br> BOYD GAMING CORPORATION, a Domestic Corporation; DOES I through X, inclusive; ROE CORPORATIONS I through X, inclusive, <br><br> Defendants. | CASE NO: <br><br> **COMPLAINT** <br><br> **[JURY TRIAL DEMANDED]** |

COMES NOW, Plaintiff, ROBERT ZIMMERMANN, (hereinafter, "Plaintiff"), by and through his counsel, the law firm of Hatfield & Associates, Ltd., and alleges upon information and belief against the above-captioned Defendants as follows:

### **PARTIES**

1. At all times relevant hereto, Plaintiff, residing in Las Vegas, Clark County, Nevada, was and is an individual residing in the State of Nevada and was employed by BOYD GAMING CORPORATION (hereinafter "Defendant").

2. Plaintiff was an employee of Defendant within the meaning of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. Sections 2000e, et seq., and applicable law.

///

///

1

3. Upon information and belief, and at all times relevant hereto, Defendant is a domestic corporation or similar business entity conducting business on a regular and continuing basis in the State of Nevada, or is, based upon Plaintiff's information and belief, a corporate entity conducting business on a regular and continuing basis in Nevada.

4. Upon information and belief, and at all relevant times hereto, Defendant employed in excess of fifteen (15) employees for at least twenty (20) calendar weeks from March 2019 to the present time and was further engaged in an industry directly affecting interstate commerce. Defendant is engaged in the business of lodging, dining, gaming, and entertainment in the United States and greater Las Vegas valley.

5. All acts which form the basis of this complaint occurred during Plaintiff's employment with Defendant.

6. All of the acts alleged herein and or failures alleged herein were duly performed by and or are attributable to Defendant, acting by and through its agents and employees. Said acts and or failures to act were within the scope of said agency and or employment, and Defendant ratified said acts and or omissions.

7. The true names or capacities, whether individual, corporate, association or otherwise, of Defendants DOES I through X, and ROE CORPORATIONS I through X, are unknown to Plaintiff, who therefore sues said Defendants by such fictitious names. Plaintiff is informed and believes and therefore alleges that each of the Defendants designated herein as a DOE and a ROE CORPORATION are responsible in some manner for the events and happenings referred to and caused damages proximately to the Plaintiff as herein alleged. Plaintiff will ask leave of this Court to amend its Complaint to insert the true names and capacities of DOES I through X, and ROE CORPORATIONS I through X, when the same have been ascertained and to join such Defendants in this action.

## JURISDICTION AND VENUE

8. The Defendant is now and was at all times mentioned herein an "employer" of the Plaintiff within the definition of Section 706 of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. Sections 2000e-5; the American's with Disabilities Act of 1990, and amendments thereto, and 42 U.S.C. § 12101 et seq.; the Age Discrimination in Employment Act of 1967, as amended, and 29 U.S.C. § 621, et seq.; and laws of the State of Nevada.

9. The jurisdiction of this Court is predicated upon 28 U.S.C. Section 1331 and 1343, to redress the unlawful deprivation of Plaintiff's rights secured, guaranteed and protected by federal law. The Court also has jurisdiction pursuant to 28 U.S.C. Sections 2201 and 2202 relating to declaratory judgments. This Court may also exercise pendant jurisdiction over Plaintiff's state law claims arising under the common law and statutes of the State of Nevada, and which arise from a common nucleus of operative fact pursuant to 28 U.S.C. Section 1367.

10. Venue is proper in the United States District Court for the District of Nevada pursuant to 28 U.S.C. Section 1391(b), wherein Plaintiff resides, all Defendants reside and/or regularly conduct business and where all the wrongful conduct occurred.

## ADMINISTRATIVE PREREQUISITES

11. Plaintiff has complied with all the administrative prerequisites to action under Section 706 of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. Sections 2000e-5; the Age Discrimination in Employment Act of 1967 (ADEA), as amended, 29 U.S.C. 623 et seq.; and the Americans with Disabilities Act of 1990 (ADA), and amendments thereto, and 42 U.S.C. Section 12101 et seq., as follows:

12. Plaintiff ROBERT ZIMMERMANN was terminated from employment with Defendant on or about March 26, 2019.

///

13. Plaintiff thereafter timely filed a formal Charge of Discrimination for Retaliation, Age and Disability with the Nevada Equal Rights Commission (NERC) on or about October 8, 2019 against Defendant.

14. Plaintiff has since received his Dismissal And Notice of Rights from the Equal Employment Opportunity Commission (EEOC) dated October 08, 2019 by mail.

15. Plaintiff promptly and diligently accommodated all NERC/EEOC requests for information and fully cooperated in the agency's investigation of this matter.

16. Plaintiff has exhausted all available administrative remedies in accord with the aforementioned statutes prior to instituting this civil action, and Plaintiff has timely filed this action.

17. Plaintiff demands a jury trial of this case pursuant to Local Rule 38-1 and 28 U.S.C. Section 1411.

**FACTUAL ALLEGATIONS**

18. Plaintiff is a qualified individual with a disability within the meaning of the Americans with Disabilities Act of 1990 (ADA), and amendments thereto, and 42 U.S.C. Section 12101, et seq.; Section 706 of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. Sections 2000e-5; and the Age Discrimination in Employment Act of 1967 (ADEA), as amended, 29 U.S.C. 623, et seq.

19. Plaintiff was hired as a Surveillance Agent for Defendant's Security Department on or about December 1996 and was eventually promoted to Surveillance Manager in 2010, a position he held until his termination on or about March 26, 2019 for alleged company policy violations and for failure of leadership expectations.

///

///

///

20. On or about February 26, 2019, Defendant required Plaintiff attend a meeting that was conducted by two attorneys representing a former female employee of Defendant. The former employee had filed a harassment complaint against Defendant (non-sexual). Defendant required Plaintiff attend the meeting as Defendant's only representative.

21. At this meeting on February 26, 2019, two attorneys asked Plaintiff about twenty-five (25) questions regarding the facts and circumstances surrounding the former employee's complaint of harassment against Defendant. Plaintiff answered that he could not recall because Plaintiff experiences memory loss due to the effects of his 20-year disability, Multiple Sclerosis. [Multiple Sclerosis is an unpredictable disease of the central nervous system that disrupts the flow of information within the brain and between the brain and body, according to the National Multiple Sclerosis Society's website].

22. Plaintiff maintains that prior to this meeting, Defendant knew of Plaintiff's disability as Defendant had regularly approved Plaintiff's doctor's appointments in order to manage his disability.

23. A month after the aforementioned meeting and on March 26, 2019, Defendant fired Plaintiff for alleged company policy violations and failure of leadership expectations despite Plaintiff's loyal service of twenty-three (23) years and despite Plaintiff having had no prior discipline.

24. Plaintiff alleges that Defendant sought pretextual reasons to fire Plaintiff due to his disability, Multiple Sclerosis, due to his age at termination, 63, and in retaliation for failing to recall the facts and circumstances surrounding a former employee's complaint of harassment against Defendant, despite Plaintiff's disability of Multiple Sclerosis.

///

///

25. Plaintiff alleges he was retaliated against and fired after his employer refused to engage in an interactive communication process nor discuss possible reasonable accommodations. The effect of failing to engage in an interactive communication process and agree to a reasonable accommodation for Plaintiff's disability was to effectuate a discriminatory purpose toward Plaintiff by Defendant.

26. Plaintiff thereafter timely filed a formal Charge of Discrimination with the Nevada Equal Rights Commission (NERC) alleging that Plaintiff was subjected to discrimination in violation of the Age Discrimination in Employment Act of 1967 (ADEA), as amended, 29 U.S.C. 623, et seq. and the Americans with Disabilities Act of 1990 (ADA), and amendments thereto, and 42 U.S.C. Section 12101 et seq., and has exhausted all administrative prerequisites before filing the instant action.

## CAUSES OF ACTION

### FIRST CAUSE OF ACTION

### Violation of Nevada Statutory Protections,

### NRS 613.330, Unlawful Employment Practices

27. Plaintiff incorporates Plaintiff incorporates by reference the allegations set forth in the preceding paragraphs of the Complaint as though set forth at length herein.

28. NRS § 613.330 makes it unlawful for an employer to permit sexual harassment, hostility in the workplace, or discriminate against any employee because of their age or gender. Defendant's conduct as detailed herein, was in fact illegal. Plaintiff was subjected to age related and motivated discriminatory practices and actions in the workplace, all of which are illegal activities as directed, ratified and tolerated by her employer. Plaintiff was was discriminated against due to his age.

29. As a direct and proximate result of Defendant's violation of N.R.S. § 613.330, Plaintiff has suffered lost wages, lost benefits, lost seniority, lost future earnings, lost employment opportunities, humiliation, embarrassment, and loss of self-esteem in an amount to be determined at trial. Plaintiff, therefore, seeks all legal and equitable remedies available at law.

30. Plaintiff should be awarded punitive damages as well because of Defendant's extreme and outrageous conduct.

31. As a further result of Defendants' above-stated actions, it has been necessary for Plaintiff to obtain the services of the law offices of Hatfield & Associates, Ltd., to prosecute this action, and Plaintiff is entitled to reimbursement for those attorney's fees and costs which have been reasonably incurred.

## SECOND CAUSE OF ACTION

### Age Discrimination in Employment Act of 1967

### Violation of 29 U.S.C. § 623, et seq.

32. Plaintiff incorporates by reference the allegations set forth in the preceding paragraphs of the Complaint as though set forth at length herein.

33. Defendant's conduct as detailed herein, was in fact illegal. Plaintiff was subjected to age motivated discriminatory practices, comments, and actions all of which are illegal activities as directed, ratified tolerated by his employer.

34. 29 U.S.C. § 623 makes it unlawful for an employer to discriminate against any employee because of their age.

35. Defendant singled Plaintiff out for termination due to his age, which was 63 at the time of termination.

36. Plaintiff is informed and believes that other individuals, not in his protected class, were treated better than him.

37. As a direct and proximate result of Defendants' violation of 29 U.S.C. § 623, Plaintiff has suffered lost wages, lost benefits, lost seniority, lost future earnings, lost employment opportunities, humiliation, embarrassment, and loss of self-esteem in an amount to be determined at trial. Plaintiff, therefore, he seeks all legal and equitable remedies available at law.

38. Plaintiff should be awarded punitive damages as well because of Defendant's extreme and Plaintiff should be awarded punitive damages as well because of Defendant's extreme and outrageous conduct.

39. As a further result of Defendants' above-stated actions, it has been necessary for Plaintiff to obtain the services of the law offices of Hatfield & Associates, Ltd., to prosecute this action, and Plaintiff is entitled to reimbursement for those attorney's fees and costs which have been reasonably incurred.

### THIRD CAUSE OF ACTION

### The Americans With Disabilities Act of 1990

### Violation of 42 U.S.C. Section 12101, et seq.

40. Plaintiff incorporates by reference the allegations set forth in the preceding paragraphs of the Complaint as though set forth at length herein.

41. Plaintiff has had Multiple Sclerosis for the last 20 years – the entire time Plaintiff worked for Defendant. After Defendant required Plaintiff attend a meeting with opposing counsel as Defendant's only representative and after Plaintiff could not answer counsel's questions due to Plaintiff's disability, Defendant sought pretextual reasons to terminate Plaintiff, refused or did not engage in any interactive process with Plaintiff, refused a reasonable accommodation to Plaintiff for his disability even though Plaintiff was capable of performing his duties, and then fired Plaintiff.

42. Defendant intentionally, and in a discriminatory manner, refused to accommodate Plaintiff in his position because of his disability.

43. Defendant's adverse treatment of Plaintiff was not based upon any medical justification or other reasonable reason and was discriminatory as to Plaintiff. Defendant adversely treated Plaintiff without just cause and because of his disability. Such adverse employment actions by Defendants were in violation of the ADA.

44. As a result of Defendant's above-stated actions, Plaintiff has suffered deprivation of income in the form of wages and prospective benefits, promotion opportunities and job assignments due to her as an employee, and emotional pain and suffering, mental anguish, humiliation, embarrassment, indignity, and other intangible injuries in an amount to be proven at trial.

45. Defendant knew of Plaintiff's disability but never engaged with Plaintiff in an interactive process. Instead, Defendant acted with malice, intentional disregard, or conscious wrongfulness in failing to engage in the interactive process and refusal to accommodate Plaintiff. Plaintiff should be awarded punitive damages as well because of Defendant's extreme and outrageous conduct.

46. As a further result of Defendants' above-stated actions, it has been necessary for Plaintiff to obtain the services of the law offices of Hatfield & Associates, Ltd., to prosecute this action, and Plaintiff is entitled to reimbursement for those attorney's fees and costs which have been reasonably incurred.

///
///
///
///
///
///
///

## **REQUEST AND PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment and damages against Defendants as follows:

1. An award to Plaintiff for back pay and front pay economic damages in amount to be shown according to proof;

2. An award to Plaintiff for liquidated damages under the ADEA;

3. An award to Plaintiff for reasonable attorney's fees and costs;

4. An award to Ms. Farrell for interest on any awards at the highest rate allowed by law; and

5. Such other and further relief as this Court deems just and appropriate.

Dated this 8th day of January 2020.

**HATFIELD & ASSOCIATES, LTD.**

By: /s/ *Trevor J. Hatfield*
Trevor J. Hatfield, Esq. (SBN 7373)
703 South Eighth Street
Las Vegas, Nevada 89101
(702) 388-4469 Tel.
*Attorney for Plaintiff*